[Civ. No. 16646. Fourth Dist., Div. One. Dec. 4, 1978.]

Conservatorship of the Person of CHARLES C. MUNSON.
CHARLES C. MUNSON, Plaintiff and Appellant, v.
H. N. WELBORN, as Conservator, etc., Defendant and Respondent.

## Counsel

Bill J. Brierton, Jr., and Brierton, Hargreaves & Tierman for Plaintiff and Appellant.

Donald L. Clark, County Counsel, and Leonard W. Pollard II, Deputy County Counsel, for Defendant and Respondent.

OPINION

STANIFORTH, Acting P. J.—The trial court found 81-year-old Charles C. Munson to be "gravely disabled" within the provisions of the conservatorship chapter of the Lanterman-Petris-Short Act (LPS). (Welf. & Inst. Code, § 5350 et seq.) Munson was "disoriented to time, place and circumstance." His diagnosis was (1) chronic obstructive pulmonary disease, (2) congestive heart failure, stable, and (3) organic brain syndrome with dementia. The court appointed H. N. Welborn as conservator of Munson's *person* for a period of one year under chapter 3 of LPS.

As required by LPS, one year later Welborn filed and served his notice of filing of "Petition to Reestablish Conservatorship of Person" of Munson. The conservatorship was by court order reestablished on March 23, 1977. While this latter petition to reestablish conservatorship was pending, Munson by his counsel filed a written notice to compel an *accounting* by Welborn as conservator of Munson's person. The trial court denied Munson's motion holding that Probate Code section 1904 applied to the conservatorships of estates, not to conservatorships of persons. This appeal followed.

LPS section 5350 states: "The procedure for establishing, administering and terminating conservatorship under this chapter shall be the same as that provided in Division 5 (commencing with Section 1701) of the Probate Code, except as follows: . . ." The exceptions set forth are not applicable here.

Probate Code (div. 5) section 1904, provides: "At the expiration of one year from the time of his appointment, and thereafter not less frequently than biennially, unless otherwise ordered by the court, the conservator must *present his account to the court for settlement and allowance.* When an account is rendered by or on behalf of two or more joint conservators, the court, in its discretion, may settle and allow the same upon the verification of any of them." (Italics added.) ▮▮ Munson's counsel asserts that the express language of this code section mandates the LPS conservator of the person to render an accounting yet he concedes that historically, accountability "was oriented around estate matters" and "directed to the roles of surrogate managers of estates not persons."

■ To answer this contention, we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.*, 51 Cal.2d 640, 645 [335 P.2d 672].) In determining such intent "[t]he court turns first to the words themselves" (*People* v. *Knowles*, 35 Cal.2d 175, 182 [217 P.2d 1]) and to their "usual, ordinary import" (*In re Alpine*, 203 Cal. 731, 737 [265 P.2d 947, 58 A.L.R. 1500]).

Black's Law Dictionary defines "account" as: "A detailed statement of the mutual demands in the nature of debt and credit between parties, arising out of contracts or some fiduciary relation. A statement in writing, of debts and credits, or of receipts and payments; a list of items of debts and credits, with their respective dates." (Black's Law Dict. (4th ed. 1968) p. 34.)

It is equally a fundamental rule of statutory construction that every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. (*Moyer* v. *Workmen's Comp. Appeals Bd.*, 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) We must therefore examine section 1904 in the context of chapter 5 (titled Inventory and Accounting) sections 1901-1912 of the Probate Code.

■ Section 1901 of the Probate Code requires the conservator "of the *estate or person and estate*" of the conservatee to file an inventory and appraisement of the estate of the conservatee within three months after the conservator's appointment and thereafter as specified, whenever any other property of the conservatee is discovered, inherited, or acquired. The sections following Probate Code section 1901, including Probate Code section 1904, speak exclusively of the *estate,* its assets, the settlement of accounts, allowance for expenses and disbursements, and termination of the conservatorship when the estate is exhausted (see Prob. Code, §§ 1902, 1903, 1904, 1908 and 1909). Probate Code section 1912 requires the conservator to show that during the period covered by the account he has kept all cash in his possession invested in interest-bearing accounts or investments authorized by law. We conclude this Probate Code chapter, of which section 1904 is a part, relates exclusively to conservatorships of the estate, or person and estate. To impose upon a conservator such a duty to account of the person only, is to read section 1904 totally out of context.[1]

---

[1] The author of California Conservatorships 1968 (Cont.Ed.Bar 1968) in his comments on section 1904 agrees: "[A] conservator of the person does not account to the court."

For further guidance in construing section 1904, we examine the parallel provisions of division 4, chapter 9 (commencing with § 1550) of the Probate Code providing for "Inventory And Accounting" procedures to be followed by a guardian of the estate of a ward. The language of Probate Code section 1553 entitled "Account, Settlement and Allowance" is identical to that of Probate Code section 1904 in all critical provisions. A review of the cases citing Probate Code section 1553 requiring the guardian to "present his account to the court for settlement and allowance" makes it clear that such language has been applied exclusively to accountings for guardianships of the estate. No case is found where it has been applied to the guardianship of the person only.

Munson's counsel argues that recent changes in California law reflect an intent to hold conservators accountable for their acts. He cites the 1976 amendment to Probate Code section 1754 and the adding of Probate Code section 1754.1.[2] The amendment and addition to the conservatorship act does not expressly or by implication hint at a requirement of an annual accounting of Munson's person.

■ Munson's counsel next contends he would be deprived of any effective mechanism to seek redress against an abusive or negligent conservator if he does not obtain the accounting for the person he here seeks. He fails to consider the protective provisions of an LPS. The conservatorship of the person expires after one year. The court must notify the conservator and his conservatee and the person in charge of the facility in which the person resides and the conservatee's attorney at least 60 days before termination of the one-year period. This notice states that if the conservator wishes to reestablish the conservatorship for another year he must petition the court to do so. This notice further informs these concerned parties if the conservatee, his attorney, or the persons in charge of the facility in which he resides request it, there shall be a court

(§ 6.26, p. 244.) See also 1976 Supplement to California Conservatorships, section 8.55, at page 128.

[2]Probate Code section 1754.1, effective July 1, 1977, requires the court to: ". . . inform the proposed conservatee as to the nature and purpose of the proceeding, that the appointment of a conservator for his person and estate or person or estate is a legal adjudication of his inability properly to provide for his personal needs or manage his own financial resources or of his incompetency, the effect of such an adjudication on his basic rights, the identity of the person who has been nominated as his conservator, that he has right to oppose such proceeding, to have the matter tried by jury, and to be represented by legal counsel if he chooses. After communicating such information to the person and prior to the appointment of his conservator, the court shall consult the person to determine his opinion concerning the appointment."

hearing or a jury trial on the petition to reestablish the conservatorship. (Welf. & Inst. Code, § 5362.) If the petition for reappointment is filed, it must include the opinion of two physicians that the conservatee is still gravely disabled. (Welf. & Inst. Code, § 5361.) The conservatee has the right to a court hearing and a jury trial upon that petition. (Welf. & Inst. Code, § 5350, subd. (d).)

Further, the conservatee has a right to petition the court for writ of habeas corpus if he feels he is improperly or illegally hospitalized by his conservator. (Pen. Code, § 1473.)

The humane concern counsel has voiced for the care of Mr. Munson strikes a responsive cord in this court. If his concern is based on an appropriate fact base, then the subpoena, subpoena duces tecum, county's funds for investigation, and attorneys' fees and the presently established legal procedures await counsel's use.

The conservator argues the appeal is moot, for the conservatorship order from which Munson appeals expired March 16, 1977. While it is true the particular conservatorship period has ended, yet Munson's contention here of the right to an accounting under Probate Code section 1904 remains a viable question and requires an answer.

We conclude Probate Code section 1904 does not authorize the species of accounting requested by Mr. Munson's counsel.

The order is affirmed.

Wiener, J., and Harelson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.